IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| CASSANDRA JOHNSON, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 13-2375-JDT-dkv |
| JOE BIDEN, | ) ) | |
| Defendant. | ) ) | |

REPORT AND RECOMMENDATION FOR SUA SPONTE DISMISSAL

On June 3, 2013, the plaintiff, Cassandra Johnson, a resident of Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion seeking leave to proceed *in forma pauperis*. (Docket Entries ("D.E.") 1 & 2.) In an order issued on June 4, 3013, the court granted leave to proceed *in forma pauperis*. (D.E. 3.)[1] This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013.) For the reasons that follow, it is recommended that this case be dismissed for lack of subject-matter jurisdiction and for failure to state a claim.

---

[1] This case is very similar to a complaint plaintiff filed May 29, 2013, in which she named President Barack Obama as the defendant, No. 13-2363-JDT-dkv *Cassandra Denice Johnson v. Barak Obama*. A Report and Recommendation for *Sua Sponte* Dismissal was entered in that case on May 31, 2013.

I.  PROPOSED FINDINGS OF FACT

In her complaint, Johnson states "On November 1, 2012, the Defendant Joe Biden took it upon himself to threaten me by means of assassination while in the 'Communication Band' which invades the 'PRIVACY ACT and U.S. Constitution. He laughed about it later and attempted to play games with it again on April 21, 2013 by once again pointing a laser beam my way." (Compl., D.E. 1, § IV.) Named as defendant is Joe Biden, Vice President of the United States. Johnson seeks "to be awarded for pain and suffering for the two events, in the amount of $8,000,000,000." (Compl., D.E. 1, § V.)

Attached to the complaint as Exhibit 1, is a form identified as "No. 1-8-1 Complaint Form in the <u>State of Tennessee</u> Court for <u>Shelby</u> County, Tennessee," in which Johnson provides details of the Privacy Act Invasion alleged in her complaint. (Compl., D.E. 1-1.)

Count I states:

> I, Cassandra Johnson hereby testify before the court today that the Defendant, Joe Biden took it upon himself on November 1, 2012 to toy with the threat of assassination in the "Communication Band". Mr. Biden was playing with a laser beam that he imagined in the band and aimed it towards me. This behavior of his occured [sic] twice. The second occasion occurred on April 21, 2013 Sunday at 5 A.M. in the morning. Mr. Biden on this occasion woke me up immediately and he laughed as if he was playing a game. It was a SCARE!!!!!

(Compl., D.E. 1-1, at 2.)

In Count II, Johnson asks that proper process issue and be served on defendant Biden and again states her demand for judgment in the amount of $8,000,000,000 for the "gameful threat involved in

the 'Communication Band' on those two occasions." (Compl., D.E. 1-1, at 2).

## II. PROPOSED CONCLUSIONS OF LAW

### A. 28 U.S.C. § 1915(e)(2) Screening

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues. This report and recommendation will constitute the court's screening.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

### B. Standard of Review for Failure to State a Claim

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the

factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). "A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for

4

> frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 Fed. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 Fed. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 Fed. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that

responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C. <u>Claims Under 42 U.S.C. § 1983</u> (Compl., D.E. 1)

Using a court-supplied complaint form, Johnson alleges violation of her civil rights under 42 U.S.C. § 1983. Johnson, however, has not alleged underlying factual allegations sufficient to state a claim for violation of § 1983.

In order "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989)(quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). The only defendant named by Johnson is Joe Biden, an individual. Johnson cannot sue Joe Biden under § 1983 because he does not act under color of state law. "A § 1983 plaintiff may not sue purely private parties." *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999). Thus, "[i]n order to be subject to suit under § 1983, [a] defendant's actions must be fairly attributable to the state." *Collyer v. Darling*, 98 F.3d 211, 231-32 (6th Cir. 1997). The complaint does not allege that the actions of Biden can be attributed to the state. Accordingly, it is recommended that any claim under 42 U.S.C. § 1983 be dismissed for failure to state a claim.

In addition, Johnson's claims are factually frivolous. Her claims that Joe Biden has threatened her in a "Communication Band",

that Biden laughed about assassinating her, that he attempted to play games with it again by pointing a laser beam at her, and that Biden "woke [her] up early toying with a red laser beam as if he had a gun pointing it" towards her (Compl., D.E. 1-1, at 2) are "clearly baseless," "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. Johnson's claims are clearly baseless and delusional and thus factually frivolous, *Huey v. Raymond*, 53 F. App'x 329, 330-31 (6th Cir. 2002), and lack an arguable basis in law and fact.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be dismissed *sua sponte* for failure to state a claim pursuant to Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(ii) on which relief may be granted, and as frivolous, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), and judgment be entered for the defendant.

Respectfully submitted this 4th day of June, 2013.

                            s/Diane K. Vescovo
                            DIANE K. VESCOVO
                            UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file

written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. FED. R. CIV. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.